UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

HARTFORD FIRE INSURANCE COMPANY
a/s/o Sync Sound, Inc.,

                         Plaintiff,

         -against-

CUSHMAN & WAKEFIELD, INC. and 444 REALTY
COMPANY, LLC,

                        Defendants.

------------------------------------------------------------------ x

Case No. __ Civ. __ ( )

COMPLAINT

Jury Trial Demanded

JUDGE BUCHWALD

07 CV 2998

RECEIVED APR 16 2007 S.D.N.Y. CASHIERS

Plaintiff, Hartford Fire Insurance Company, by its attorneys Robinson & Cole LLP, as and for its complaint against the defendants alleges as follows:

**Background**

1.    This is a subrogation action by plaintiff Hartford Fire Insurance Company ("Hartford"), the first party property insurer of Sync Sound, Inc. ("Sync Sound").

2.    Hartford has paid to Sync Sound a total of $427,975.58 in connection with the loss sustained by Sync Sound on August 14, 2005 arising out of substantial water damage caused by a leaky roof in the building in which Sync Sound was a tenant (the "Loss").

3.    This action is brought against Sync Sound's landlord and owner of the building, 444 Realty Company, LLC, and the managing agent of the building, Cushman & Wakefield, Inc., for their failure to repair what they knew was a faulty roof before the flood occurred.

4.    In addition to the $427,975.58 paid by Hartford, Sync Sound incurred a deductible of $1,000, and therefore the total amount sought in this action is the sum of the two, or $428,975.58.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the action is between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

## The Parties

7. At all relevant times herein, Hartford was and still is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

8. Hartford was the first party property insurer of Sync Sound under policy no. 10 UUN UU5986 which covered the period August 21, 2004 through August 21, 2005 (the "Policy").

9. Pursuant to the Policy and relevant law Hartford, having paid amounts pursuant to the Policy in connection with the Loss, is subrogated to all of Sync Sound's rights and is entitled to pursue claims against parties which may have caused or been responsible for the Loss.

10. At all relevant times, Sync Sound occupied the first floor in a four story building ("Building") which was owned by defendant 444 Realty Company, LLC ("444 Realty").

11. Upon information and belief, at all relevant times herein, defendant 444 Realty was and is still is a corporation organized duly organized and existing under the laws of State of New York with its principal place of business in New York City.

12. Upon information and belief, and at all relevant times herein, defendant Cushman & Wakefield, Inc. ("Cushman & Wakefield") was the managing agent for 444 Realty.

13. Upon information and belief, and at all relevant times herein, Cushman & Wakefield was and still is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in New York City.

### The Loss

14. Prior to the flood, which occurred on August 14, 2005, both defendants were aware that the Building's roof was defective, that it had been leaking and that large portions of the roof needed to be replaced.

15. Upon information and belief, prior to November 16, 2004, there were various leaks in the roof of which defendants were aware, and because of these preexisting problems, defendants retained the engineering firm of WJE Engineers & Architects, PC ("WJE") to perform an examination of the roof.

16. On November 16, 2004, WJE commissioned a so-called infrared survey, performed by the firm of Jersey Infrared Consultants, which survey identified a number of wet areas on the roof, i.e. areas where the roofing has been damaged by a lack of water tightness.

17. Despite this clear evidence that the roof required extensive repairs, neither of the defendants did anything to address the situation.

18. Rather, because of the heavy rains on August 14, 2005, substantial puddling developed on the roof, and eventually a large volume of water entered through one or more areas of the defective roof membrane and flooded Sync Sound's premises.

19. The resulting damage included among other things, water damage to three sound recording studios, an equipment room, workshop and reception area, and four sophisticated electronic sound recording mixers suffered varying degrees of water damage.

3

### First Claim for Relief Against both Defendants
### (Negligence)

20. Hartford repeats and realleges the allegations contained in paragraphs 1 through 19 as though fully set forth at length herein.

21. The defendants had a duty of reasonable care to insure that the roof of the Building was water tight and would not allow water entry which might damage the premises of any of the Building's tenants.

22. The defendants, through their agents, servants, representatives and employees, breached their duty of reasonable care by failing to repair the roof notwithstanding that defendants were on notice of the roof's defective condition many months prior to the Loss.

23. Defendants' conduct was the direct and proximate cause of the Loss.

24. To-date, Hartford has been damaged in the amount of $427,975.58, the amount it paid to Sync Sound, and additionally Hartford is entitled to recover Sync Sound's $1,000 deductible, which total $428,975.58 in damages.

### Second Claim for Relief Against 444 Realty
### (Breach of Contract)

25. Hartford repeats and realleges the allegations contained in paragraphs 1 through 24 as though fully set forth at length herein.

26. Sync Sound is the assignee of a lease with 444 Realty dated October 27, 1983.

27. Among other things, the lease requires 444 Realty to properly maintain the common areas of the Building, including the roof.

28. Paragraph 4 of the lease reads in pertinent part:

> Landlord shall maintain and repair the public portions of the building, both exterior and interior.

4

29. Defendant 444 Realty breached the lease insofar as it failed to maintain the roof of the Building.

30. To-date, Hartford has been damaged in the amount of $427,975.58, the amount it paid to Sync Sound, and additionally Hartford is entitled to recover Sync Sound's $1,000 deductible, which total $428,975.58 in damages.

WHEREFORE, the plaintiff demands judgment as follows:

I. On the first claim for relief, the amount of $428,975.58 against the defendants jointly and severally, plus interest from August 14, 2005;

II. On the second claim for relief, the amount of $428,975.58 against defendant 444 Realty, plus interest from August 14, 2005;

III. The costs and disbursements of this action; and

IV. Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
April 13, 2007

ROBINSON & COLE LLP

BY: _____
MICHAEL B. GOLDEN (MB-0633)
Attorneys for Plaintiff
885 Third Avenue
Suite 2800
New York, New York 10022
212-451-2900