# EXHIBIT E

P 586—Assignment of lease by tenant, with assumption, plain English format; 11-78                                      © 1984 by JULIUS BLUMBERG, INC.,
                                                                                                                          PUBLISHER, NYC 10013

## ASSIGNMENT AND ASSUMPTION OF LEASE

The parties agree as follows:

**Dated**
**Parties:** as of November 15, 19 84
Assignor: Nexus Productions, Inc., a New York corporation
Address: 10 East 40th Street, New York, New York

Assignee: Sync Sound, Inc., a New York corporation
Address: 10 East 40th Street, New York, New York

If there are more than one Assignor or Assignee, the words "Assignor" and "Assignee" shall include them.

**Lease assigned:** The Lease which is assigned herein is identified as follows:
Landlord 444 Realty Company
Tenant Assignor
Date: October 27, 19 83   Premises: portion of the first (1st) floor of
450 West 56th Street, New York, New York as shown in the Lease
(This Lease was recorded on ——— 19— in the office of the ——— of the County of ——— in liber ——— of conveyances, at page ———.)

**Considerations:** Assignor has received Ten                                    ($ 10.00    ) dollars
and other good and valuable consideration for this Assignment.

**Assignment:** Assignor assigns to the Assignee all the Assignor's right, title and interest in a) the Lease and b) the security deposit, if any, stated in the Lease.

**Assumption:** Assignee agrees to pay the rent promptly and perform all of the terms of the Lease as of the date of this Assignment. Assignee assumes full responsibility for the Lease as if Assignee signed the Lease originally as Tenant.

**Indemnity:** Assignee agrees to indemnify and hold Assignor harmless from any legal actions, damages and expenses, including legal fees that the Assignor may incur arising out of the Lease.

**Benefit to landlord:** Assignee agrees that the obligations assumed shall benefit the landlord named in the Lease as well as the Assignor.

**Assignor's statements:** Assignor states that Assignor has the right to assign this Lease and that the premises are free and clear of any judgments, executions, liens, taxes and assessments.

**Assignee's statements:** Assignee states that Assignee has read the Lease and has received the original or an exact copy of the Lease.

**Successors:** This assignment is binding on all parties who lawfully succeed to the rights or take the place of the Assignor or Assignee.

**Margin headings:** The margin headings are for convenience only.

**Signatures:** The Assignor and Assignee have signed this Assignment as of the date at the top of the first page.

                                    ASSIGNOR
                                    Nexus Productions, Inc.
                                    _____
WITNESS                             ASSIGNEE
                                    Sync Sound, Inc.
...................................  _____

SS 00299

STATE OF
COUNTY OF

On the       day of            19    , before me
personally came

to me known to be the individual   described in and who
executed the foregoing instrument, and acknowledged that
executed the same.

STATE OF
COUNTY OF

On the       day of            19    , before me
personally came

to me known to be the individual   described in and who
executed the foregoing instrument, and acknowledged that
executed the same.

STATE OF
COUNTY OF

On the       day of            19    , before me
personally came
to me known, who, being by me duly sworn, did depose and
say that    he resides at No.

that    he is the
of
                          , the corporation described
in and which executed the foregoing instrument; that   he
knows the seal of said corporation; that the seal affixed
to said instrument is such corporate seal; that it was so
affixed by order of the board of directors of said corpora-
tion, and that    he signed h    name thereto by like order.

STATE OF
COUNTY OF

On the       day of            19    , before me
personally came
the subscribing witness to the foregoing instrument, with whom
I am personally acquainted, who, being by me duly sworn, did
depose and say that    he resides at No.

that    he knows
                          to be the individual
described in and who executed the foregoing instrument; that
he, said subscribing witness, was present and saw
execute the same; and that    he, said witness, at the same time
subscribed h    name as witness thereto.

NEXUS PRODUCTIONS, INC.

Astignor

SYNC SOUND, INC.

Assignee

Assignment of Lease
with Assumption

Dated............November 15,........... 19..84.



SS 00300

# EXHIBIT F

LEASE AMENDMENT

LEASE AMENDMENT dated as of the 13'" day of November, 1989 between 444 REALTY COMPANY, a partnership having an office in care of Enterprise Development Associates, 11 East 44th Street, New York (hereinafter "Landlord") and SYNC SOUND, INC., having an office at 450 West 56th Street, New York (hereinafter "Tenant").

WITNESSETH

WHEREAS, Landlord and Tenant heretofore entered into a certain lease dated October 27, 1983 (hereinafter "Lease") covering a portion of the first (1st) floor (hereinafter "Premises") in the building known as 450 West 56th Street (hereinafter "Building") for a term ending January 31, 1994 (hereinafter "Expiration Date") as set forth in the Lease or on such earlier date upon which said term may expire or be terminated pursuant to any conditions of limitation or other provisions of the Lease or pursuant to law, which Lease was duly assigned to Tenant on or about May 1, 1984;

WHEREAS, the parties hereto desire to modify the Lease to provide for the inclusion therein of additional space.

NOW, THEREFORE, in consideration of the Premises and mutual covenants hereinafter contained, the parties hereby modify said Lease as follows:

1. All terms contained in this lease amendment (hereinafter "Lease Amendment") shall, for the purpose hereof, have the same meaning ascribed to them in the Lease.

2. Effective as of the date hereof and ending on the Expiration Date there shall be added to and included in the Premises the following additional space in the Building, to wit: The portion of the first (1st) floor substantially as shown on the plan attached hereto as Exhibit A (hereinafter "Added Space"), which measures approximately 2,971 rentable square feet.

3. Landlord does hereby lease to Tenant and Tenant does hereby hire from Landlord the Added Space subject and subordinate to all superior leases and superior mortgages as provided in the Lease and upon the terms and conditions of the Lease as supplemented by this Lease Amendment. Landlord represents that no superior leases or mortgages currently exist. Landlord will make a good faith attempt to obtain a non-disturbance agreement for the benefit of Tenant from any future lessees or mortgagees.



SS 00275

- 2 -

4. Effective as of the date hereof and ending on the Expiration Date:

   (a) The annual rental rate pursuant to the Witnesseth section of the Lease shall be increased to One hundred twenty-seven thousand two hundred fifty-four dollars and 40/100 ($127,254.40) per year.

   (b) Tenant's "Proportionate Share" pursuant to Article 38.A.4 of the rider to the Lease shall be increased to 21.85%, it being understood that the Base Year shall remain July 1, 1983 to June 30, 1984.

   (c) "Tenant's Area" pursuant to Article 39.A.4 of the rider to the Lease shall be increased to 11,362 square feet, it being understood that the Base Date shall remain December 31, 1983.

5. Notwithstanding anything herein contained to the contrary, Tenant shall be entitled to an abatement of fixed rent and real estate tax and porter's wage escalations for the Added Space through February 28, 1990 (hereinafter "Rent Commencement Date"). Once Landlord has approved Tenant's plans and specifications, if the commencement of Tenant's work is delayed and the delay is caused by Landlord or by the inability to obtain building permits not due to the fault of Tenant, then the Rent Commencement Date will be extended on a day-for-day basis.

6. Tenant acknowledges that it has inspected the Added Space and agrees to accept same in its "As Is" condition as of the date hereof, it being understood that Landlord shall not be required to perform any work or provide any materials in connection with the preparation of the Added Space for Tenant's occupancy.

7. In addition to all existing Lease requirements relating to any Tenant alterations or renovations, Tenant shall submit plans for any proposed alterations or renovations to the Premises to Landlord for its approval, which approval will not be unreasonably withheld. Thereafter Tenant will cause such plans to be filed with the N.Y.C. Building Department in accordance with its Rules and Regulations and obtain all required permits or licenses to proceed with any proposed repairs and/or renovations. Any contractor employed by Tenant shall carry Workmen's Compensation and Disability Insurance coverage for its employees, and shall also carry Public Liability and Property Damage Insurance under which Tenant and Landlord will be protected beneficiary parties.



SS 00276

8. In the event any mechanic's lien is filed against the property by any contractor, laborer or supplier for work ordered or done at Tenant's request and claimed to be unpaid, Tenant shall cause same to be removed by either payment, settlement or bonding within thirty (30) days after notice of such lien is given to Tenant. On Tenant's failure to do so, Landlord may bond the lien and recover any collateral filed to bond the lien and any expenses, including premiums paid and Court costs, if any, plus any reasonable legal fees incurred, from Tenant on three (3) days demand. If same is not paid, Landlord may recover same as additional rent in Summary proceedings. All Notices and Demands referred to must be in writing and sent by Certified Mail, Return Receipt Requested to the last known address of the person to whom it is mailed.

9. Tenant represents that it has had no dealings with any broker other than Cushman & Wakefield in connection with this Lease Amendment. Tenant agrees to hold harmless and indemnify Landlord against any and all expense (including reasonable attorney's fees) or liability for commission claims by any or broker due to any breach of the above representation.

10. Except as modified by this Lease Amendment, the Lease and all covenants, agreements, terms and conditions thereof shall remain in full force and effect and are hereby in all respects ratified and confirmed.

11. This Lease Amendment may not be changed orally but only by agreement in writing signed by the party against which enforcement of any waiver, change, modification or discharge is sought.

12. This Lease Amendment hereby incorporates the original Lease and all prior riders, addendum and amendments thereto. All terms and conditions remain in full force and effect unless specifically modified by this Lease Amendment.

IN WITNESS WHEREOF, the parties hereto have executed this Lease Amendment as of the day and year first above written.

ATTEST: *[signature]*

ATTEST: *[signature]*
SECRETA-TITRES,

444 REALTY COMPANY
*[signature]*

SYNC SOUND, INC.
*[signature]*
PRESIDENT

SS 00277

# EXHIBIT G

# SIXTH AMENDMENT
# AND LEASE EXTENSION AGREEMENT

LEASE AMENDMENT AND EXTENSION AGREEMENT made as of the ~~13th~~ day of ~~May~~ August 2003 between 444 Realty Company, L.L.C. a New York limited liability company having offices at 475 Fifth Avenue, Suite 1200, New York, NY 10017 ("Landlord") and Sync Sound, Inc., ("Tenant") having offices at 450 West 56th Street, New York, NY 10019.

## Recital

Landlord and Nexus Productions, Inc. ("Nexus"), Tenant's predecessor in interest, entered into an agreement of lease dated October 27, 1983 demising a portion of the first floor of the Building known as 450 West 56th Street (the "demised premises"). Tenant acquired Nexus' rights under that lease by Assignment dated November 15, 1984 and Tenant has assumed all of Nexus' obligations under the Lease. Landlord was formerly known as "444 Realty Company, L.P." and converted to a limited liability company under the New York Limited Liability Company Act on April 7, 1997. The lease agreement has been modified by Letter Agreement dated November 16, 1983, Second Modification of Lease dated February 1, 1984, Letter Agreement dated March 22, 1984, Third Modification of Lease dated May 1, 1984, [Fourth] Lease Amendment dated November 13, 1989, and Fifth Amendment and Lease Extension Agreement (the "Fifth Amendment") dated September 30, 1991 (collectively, referred to herein as the "Lease"). The original term of the Lease as extended expires on January 31, 2004 and the parties desire to enter into this Amendment and Extension of Lease in order to provide for the extension of the term of the Lease and to further amend the Lease as herein provided.

NOW, THEREFORE, in consideration of Ten ($10.00) Dollars and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1. **Lease Extension.** The expiration date of the Lease as set forth on the first page of the printed form thereof and as subsequently amended by the Fifth Amendment is hereby amended by deleting the words "31st day of January, 2004" and substituting the words "31st day of January, 2014".

2. **Rent.** The Lease is hereby amended by adding the following new, paragraph 38.1 to the Rider to the Lease as follows:

   "38.1 Annual Rental Rate:

   (a) Commencing February 1, 2004, the Annual Rental Rate under this Lease shall be $333,500 payable in equal monthly installments of $27,791.00 on the 1st day of every month through and including January 31, 2009.

   (b) Commencing February 1, 2009, the Annual Rental Rate under this Lease shall be $356,500 payable in equal monthly installments of $29,708.33 on

450SyncSoundlease3_052003.doc       1

ORIGINAL

DUPLICATE



SS 00262

the 1st day of every month through and including January 31, 2014.

3. **"Base Year"**. Article 38 A of the Lease is hereby amended by deleting subparagraph 3 thereof and substituting the following new subparagraph 3 in its place.

> "3. "Base Year" shall mean the fiscal year commencing July 1, 2003 and ending June 30, 2004."

4. **Area; Proportionate Share.** The Lease is hereby further amended by deleting paragraph 4 of the [Fourth] amendment to the Lease and subparagraph 38 A. 4. of the Rider to the Lease and by adding the following new, subparagraph 38 A. 4. to the Rider to the Lease:

> "The rentable area of the demised premises shall be deemed to be 11,500 square feet and Tenant's "Proportionate Share shall be 22.12%."

5. **Larger Tax Lot.** The Lease is hereby further amended by deleting the example at the end of Article 38. G thereof after the words "larger tax lot" and substituting the following in its place:

> "e.g., 22.12% of 20.2% or 4.47% of the increases for the said larger tax lot."

6. **"Escalation Rent".** The Lease is hereby further amended by deleting Article 39 ["Escalations – Other Building Expenses"] of the Lease and substituting the following new Article 39 in its place:

> "39. <u>Escalation Rent</u>. Effective February 1, 2005, and annually thereafter, Tenant shall pay to Landlord an increase of two and one-half (2 ½) percent of the Annual Rental Rate, which increase (i) shall be cumulative and compounded annually, (ii) shall be billed to Tenant monthly commencing February 1, 2005, and (iii) shall be recalculated upon the Annual Rental Rate increase on February 1, 2009, and (iv) shall be in lieu of all "porter's wage" and "operating cost escalations" other than the escalation on account of Real Estate Tax Increases as provided in Article 38. Landlord and Tenant agree that the schedule attached to this Fifth Amendment as <u>Exhibit A</u> hereto, accurately reflects the calculation of the annual Escalation Rent payable under this provision."

7. **Landlord's Right to Terminate.** The Lease is hereby further amended by adding the following new Article 61 to the Rider to the Lease.

> "61. <u>Option to Terminate</u>. Tenant grants Landlord the option to terminate this Lease upon at least twelve (12) months prior written notice to Tenant (the "Early Termination Notice") setting forth the date (the "Early Termination Date") on which the term of the Lease shall end. The Early Termination Date shall not be earlier than September 30, 2009. The Early Termination Notice shall certify that the tenant or other occupant of the High School of Environmental Studies located at 444 West 56th Street does not intend to extend its lease for an additional term beyond September 30, 2009. Provided that Tenant vacates the demised premises

450SnycSoundlease3_052003.doc

2

SS 00263

on or before the Early Termination Date and surrenders possession thereof to Landlord on or before the Early Termination Date, Landlord shall pay Tenant, within thirty (30) days after Tenant's timely surrender, the sum of $100,000 (the "Timely Surrender Payment") TIME BEING OF THE ESSENCE OF TENANT'S PERFORMANCE UNDER THIS ARTICLE. Tenant acknowledges and agrees that Tenant shall not be entitled to the payment of the Timely Surrender Payment if Tenant remains in occupancy of the demised premises or otherwise fails to surrender possession of the demised premises to Landlord on or before the Early Termination Date.

8. **Sublet Profit.** The Rider to the Lease is hereby further amended by adding the following new subparagraph 50 [A] (ix) thereto:

" (ix) The "net profits" (if any) realized from any sublease shall be shared equally between Landlord and Tenant and shall be paid to Landlord monthly in addition to Tenant's monthly payment of the Annual Rental Rate. The term "net profits" as used herein shall mean the total sublease rentals payable to Tenant during the term of the sublease subtracted from the rental payable by Tenant to Landlord during the term of the sublease for the pro rata portion of the demised premises sublet; less the amortized cost (over the sublease term) of, (i) any brokerage commissions, (ii) free rent or rent abatement, or (iii) the cost of any construction work, incurred directly by Tenant in the preparation of the sublease space for the Tenant."

9. **Assignment/Sublet.** Landlord agrees that it shall not unreasonably withhold or delay its consent for any assignment or sublease by Tenant pursuant to the provisions of Article 50 of the Rider to the Lease; provided, however, that Landlord may condition its approval of (i) any assignment of the Lease, or (ii) any sublease of 50% or more of the area of the demised premises, to the deposit with Landlord of a Security Deposit of up to six (6) months of the then current rent and charges.

10. **Insurance Certificate.** Landlord and Tenant agree that the insurance coverage limits, types of insurance and endorsements set forth on the Insurance Certificate attached hereto as Exhibit B shall amend the insurance coverage and limits set forth in the last unnumbered paragraph of Rider Article 42 and that such insurance limits shall become the minimum coverage which Tenant is required to provide under the Lease. Tenant agrees that 444 Realty Company, L.L.C., Cushman & Wakefield (or any substitute property manager) and Enterprise Asset Management, Inc. shall be named as "additional insureds" under all required policies of insurance.

11. **Conforming Amendments.** Landlord and Tenant hereby agree that the following additional provisions of the Lease shall be deleted as no longer applicable or superceded:

(a) Printed Form, Article 31;

(b) Rider; Article 55;

(c) Second Modification, Paragraphs 2 and 3;

(d) Third Modification, Paragraphs 2 and 3;



SS 00264



12. **Notice Address.** The notice address for Landlord shall be c/o Enterprise Asset Management, Inc., 475 Fifth Avenue, New York, NY 10017, Attn: General Counsel with a copy by fax to (212) 824-1102.

13. **Brokerage.** Tenant represents and warrants to Landlord that Tenant has dealt with no broker with respect to the extension or modification of the Lease other than Cushman & Wakefield. Tenant agrees to indemnify, defend and hold Landlord harmless from any commissions, fees, damages or other liability (including reasonable attorneys fees) attributable to or in any way arising out of Tenant's breach of its representations and warranties set forth in the preceding sentence.

14. **Conflicts.** In the event of any conflict between the provisions of the Lease and the provisions of this Sixth Amendment, the terms and conditions in this Sixth Amendment shall be paramount and shall prevail.

15. **Ratification.** Except as modified by this Amendment, the Lease and all agreements, terms and conditions thereof shall remain in full force and effect and the parties hereby ratify and confirm all of the terms and conditions thereof as modified hereby and Tenant hereby assumes all of the obligations covenants and agreements to be performed by "Tenant" thereunder.

16. **Effective Date.** Provided that Tenant is not in default of any material term of the Lease, the agreements, covenants, terms and conditions contained in this Sixth Amendment shall take effect and shall become effective on February 1, 2004.

IN WITNESS WHEREOF, the parties have executed this Sixth Amendment as of the day and year first above written intending it to become effective as of the Effective Date.

*Tenant*

SYNC SOUND, INC.
By: /s/ William Marino
William Marino, President

*Landlord*

444 REALTY COMPANY, L.L.C.
By: Enterprise Asset Management, Inc.
    It's Manager

By: _____
    Name: LYNN ZISES
    Title: VP

Acknowledgements

State of New York   )
                    ) ss.:
County of New York  )

On the  3  day of ~~May~~ July in the year 2003 before me, the undersigned, a Notary Public in and for said State, personally appeared **William Marino**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as President of **Sync Sound, Inc.**, and that by his signature on the instrument, the individual, executed the instrument.

_____
Notary Public

NORMA CREIGHTNEY
Notary Public, State of New York
01CR6081992
Qualified in Queens County
Commission Expires Oct 21 2006


State of New York   )
                    ) ss.:
County of New York  )

On the  15  day of ~~May~~ August in the year 2003 before me, the undersigned, a Notary Public in and for said State, personally appeared _Lyndon Z. Hsu_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as President of Enterprise Asset Management, Inc., the Manager of **444 Realty Company, L.L.C.**, and that by his signature on the instrument, the individual, executed the instrument.

_____
Notary Public

RICHARD J. TURANO
Notary Public, State of New York
No. 30-4607402 Qual. Nassau Co.
Commission Expires March 30, 200_
2/28/06

450SyncSoundlease3_052003.doc          5

SS 00266

# EXHIBIT H

No. 0169  P. 2

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY):** 02/07/2005

| PRODUCER | |
|---|---|
| (212)532-0400   FAX (212)532-0838 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
| RBL Associates, Inc. | |
| 352 Park Avenue South | |
| 11th Floor | |
| New York, NY 10010 | |

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| Sync Sound Inc | INSURER A: Hartford Casualty Insurance Co | 29424  A+ |
| 450 West 56th St | INSURER B: | |
| New York, NY 10019 | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

A+ XV

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY    CLAIMS MADE [X] OCCUR | 10UUNUUS986 | 08/21/2004 | 08/21/2005 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $300,000 |
| | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY / PROJECT / LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | AUTOMOBILE LIABILITY ANY AUTO / ALL OWNED AUTOS / SCHEDULED AUTOS / HIRED AUTOS / NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY   ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN EA ACC / AUTO ONLY: AGG | $ |
| A | | EXCESS/UMBRELLA LIABILITY [X] OCCUR    CLAIMS MADE | 10XHUUU4748 | 08/21/2004 | 08/21/2005 | EACH OCCURRENCE | $2,000,000 |
| | | | | | | AGGREGATE | $2,000,000 |
| | | DEDUCTIBLE / RETENTION | | | | | $ |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS / OTHER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | OTHER | | | | | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
The following entities are listed on the captioned policies as an Additional Insured/Landlord and Managing Agent, as respects to the Named Insured's operations at 450 West 56th St.
444 Realty Company, LLC
Enterprise Asset Management, Inc.
Cushman & Wakefield Management, Inc.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| 444 Realty Company, LLC<br>Enterprise Asset Management, Inc.<br>475 Fifth Avenue<br>Suite 1200<br>New York, NY 10017 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                                                                                             © ACORD CORPORATION 1988