UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
HARTFORD FIRE INSURANCE COMPANY
a/s/o Sync Sound, Inc.,                                          :   Case No.: 07 Civ 2998 (NRB)

                      Plaintiff,                              :   **AFFIRMATION IN OPPOSITION TO**
                                                                                                     **DEFENDANTS' MOTION FOR**
    -against-                                                      :   **SUMMARY JUDGMENT**

CUSHMAN & WAKEFIELD, INC. and 444 REALTY  :
COMPANY, LLC,
:
                      Defendants.
:
------------------------------------------------------------------ x

      MICHAEL B. GOLDEN, an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury, as follows.

    1.    I am a member of the firm of Robinson & Cole LLP and respectfully submit this affirmation in opposition to defendants' motion for summary judgment.

    2.    Annexed with these motion papers are the deposition transcripts and accompanying exhibits of the three key deponents to whom we will be referring in our memorandum of law, namely:

> Exhibit A - Douglas Stieve, a professional employed by the engineering firm of WJE Engineers & Architects PC, which did the engineering study of the roof, issuing its report on February 15, 2005;

> Exhibit B - Debra Tomasi, employed at all relevant times by Cushman & Wakefield, was the manager of the building from February 2004 until after the flood on August 14, 2005; and

> Exhibit C - Steven Perry, Director of Construction at Enterprise Asset Management, which had ultimate management responsibility of the Building on behalf of the landlord, defendant 444 Realty Company, LLC.

3.  It is also necessary to address one branch of defendants' motion, namely its request to dismiss defendant Cushman & Wakefield, Inc. on the ground that the responsibility for the roof repair was transferred to Enterprise in February 2005.

4.  We explain in our memorandum that judgment cannot be entered because (i) Cushman & Wakefield's inaction prior to February 2005 in failing to repair any of the roof leaks is at issue; (ii) the question of its negligence is for the jury; and (iii) we still await additional information from Cushman & Wakefield regarding its potential liability.[1]

5.  With respect to this last point, during the Tomasi deposition, Ms. Tomasi identified various documents that had not yet been produced and which may be relevant to our claim, including log books for the Building which may have entries regarding the dates and scope of water leaks, and "incident reports" which may have similar information. We issued a "post deposition" discovery request on January 8, 2008 (Exhibit D) to which we have not yet received any response.

Dated: New York, New York
February 1, 2008

_____
MICHAEL B. GOLDEN (MG-0633)

---

[1] See Fed. R. Civ. P. 56(f).

2

## CERTIFICATE OF SERVICE

  I, Michael B. Golden, hereby certify that on this 1st day of February, 2008, I served a true copy of the foregoing PLAINTIFF'S AFFIDAVIT AND AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (and EXHIBITS A-D) via regular mail, postage pre-paid, upon the following:

    James Biondo, Esq.
    Rosenblum Newfield, LLC
    50 Main Street, 10th floor
    White Plains, NY  10606

            */s/ Michael Golden*
            Michael B. Golden  (MG-0633)